IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Launeil Sanders, ) | C/A No. 7:14-837-RBH-KFM |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| SC Atty General Alan Wilson; Spartanburg County; Burts Turner and Rhodes Inc.; Janneth E. Sanders, ) | |
| Defendants. ) | |

## Background

This *pro se* Plaintiff brings a § 1983 civil action seeking damages and certain injunctive relief related to a family law case filed against him in a South Carolina state court. Compl. 1–14. He alleges that on October 4, 2010, "Richard Rhodes, c/o Burts, Turner and Rhodes filed a frivolous, fraudulent, false triple corrupt Divorce Proceedings against" him, and such proceedings violated his federal constitutional rights. *Id.* at 6–7. He alleges that the family law judge erred because there are no grounds of divorce that encompass his and Janneth Sanders' marital situation such that he should be able to avoid getting a divorce. *Id.* at 8–11. Further, he alleges that the State of South Carolina and Spartanburg County violated existing South Carolina laws and illegally created new law. *Id.* at 2. Plaintiff seeks damages and an emergency hearing so that a United States District Judge "may take witnesses and evidence for determination if TRO is allowed for Plaintiff" to halt his family law case. *Id.* at 5, 13; *see also* Motion, ECF No. 6.

This court takes judicial notice that Plaintiff previously filed another very similar lawsuit on October 29, 2013, against Burts, Turner, and Rhodes and Spartanburg

County, and that case currently is pending in this court.[1]  See Report and Recommendation, *Sanders v. Burts Turner and Rhodes*, C/A No. 7:13-2946-RBH-KFM (D.S.C. Dec. 4, 2013), ECF No. 17.  As of the date the Report and Recommendation was filed in that case, December 4, 2013, the family law case against Plaintiff was still pending in a South Carolina appeals court.  *Id.*  It now appears that as of March 5, 2014, prior to this lawsuit being filed, the South Carolina Court of Appeals affirmed Plaintiff's family law divorce case.  ECF No. 1-1 at 1–4.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").


a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action should be summarily dismissed because Plaintiff fails to state a claim on which relief may be granted.  This court does not have the power to enter an order to overturn a South Carolina state court judgment entered in Plaintiff's family law case.  Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions.[2]  *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment; this applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions); *Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment).  Here, it appears that Plaintiff's divorce case became final on March 5, 2014.  Plaintiff alleges he is not satisfied with the litigation results in the state courts, and he is improperly bringing this action in an attempt to overrule the state court

---

[2] This court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007).  Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it.  *Id.*

3

decision entered prior to the commencement of this action. *Cf. In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments).  Therefore, this action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[3]

Additionally, because it appears that this lawsuit is duplicative or repetitive of *Sanders v. Burts Turner and Rhodes*, C/A No. 7:13-2946-RBH-KFM (D.S.C.), which is pending in this court, this case should be dismissed.  This court will not entertain two separate, identical lawsuits filed by the same individual against the same parties.  To do so would fly in the face of the important interests of judicial efficiency and economy.  *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (citation omitted).

### Motion for Emergency Hearing

Plaintiff filed a Motion for Emergency Hearing, ECF No. 6, along with the Complaint.  Plaintiff requests that this court hold an emergency hearing in order to issue "a TRO against defendants to STOP the illegal violations of Existing South Carolina Law and Barr them, the defendants from CREATING more NEW Law, and issue in the TRO a halt to the Family Court Lawsuit #2010-DR-42-2870."  Motion, ECF No. 6 at 1–2.  Because this lawsuit should be summarily dismissed as explained above, Plaintiff is not entitled to

---

[3] To the extent that Plaintiff's state divorce action is possibly not yet "final," as this court previously explained in the Report and Recommendation entered on December 4, 2013, in *Sanders v. Burts Turner and Rhodes*, C/A No. 7:13-2946-RBH-KFM, this action should be dismissed based on *Younger* abstention.

an emergency hearing. Thus, it is recommended that the Motion for Emergency Hearing be denied.

## Recommendation

It is recommended that the district court dismiss the Complaint *without prejudice* and without issuance and service of process. It is also recommended that Plaintiff's Motion for Emergency Hearing be denied. Plaintiff's attention is directed to the important notice on the next page.

March 26, 2014  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).