IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Launeil Sanders, | ) | Civil Action No.: 7:14-cv-00837-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SC Atty General Alan Wilson; | ) | |
| Spartanburg County; Burts Turner | ) | |
| and Rhodes Inc.; Janneth E. Sanders, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] Plaintiff Launeil Sanders, proceeding *pro se*, filed this civil action in March 2014, seeking damages and injunctive relief related to a family law case filed against him in a South Carolina family court.[2] Subsequently, Plaintiff filed a motion for an emergency hearing. ECF No. 6. The Magistrate Judge issued his R&R on March 26, 2014, R&R, ECF No. 12, and Plaintiff filed timely objections to the R&R.[3] Pl.'s Objs., ECF No. 14. In the R&R, the Magistrate Judge recommends that the Court dismiss this action *without prejudice* and without issuance and service of process due to Plaintiff's failure to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

[2] Because the allegations are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

[3] Nearly two months after the deadline for filing objections, Plaintiff filed additional documents relevant to the merits of his case. To the extent they are attachments to his objections or first motion for an emergency hearing, they are untimely. Only Plaintiff's complaint and any timely filed documents shall be considered by the Court.

1

state a claim upon which relief can be granted. The Magistrate Judge also recommends denying Plaintiff's motion for an emergency hearing.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing the action *without prejudice* and without issuance and service of process due to Plaintiff's failure to state a claim upon which relief can be granted. Specifically, the Magistrate Judge reports that the *Rooker-Feldman* abstention doctrine is applicable to the facts alleged in Plaintiff's complaint. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). The Magistrate Judge also points out that the claims raised in

this action are identical to the claims raised in a separate action, which this Court previously dismissed. *See* Order, Sanders v. Burts Turner & Rhodes, et al., No. 13-cv-02946 (D.S.C. Apr. 21, 2014). The basis for the dismissal of that case was this Court's abstention pursuant to the *Younger* abstention doctrine, as well as the *Rooker-Feldman* doctrine to the extent the state court judgment was final. As the Magistrate Judge now points out, the judgment of the South Carolina family court was final when Plaintiff filed this action.

In his objections, Plaintiff does not specifically address the Magistrate Judge's recommendation, rehashing only the allegations of his complaint. The Court may only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. After a review of the R&R in light of Plaintiff's objections, the Court finds no clear error. The Magistrate Judge's recommendation is, therefore, proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the complaint, the motions, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an emergency hearing (ECF No. 6) is **DENIED** and that Plaintiff's complaint is **DISMISSED** *without prejudice* and without issuance and service of process. All other motions are deemed **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 11, 2014